# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL J. BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-677 RLW |
| ) | |
| ELECTRO SAVINGS CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Electro Savings Credit Union's motion for leave to respond to Plaintiff's complaint out of time. (ECF No. 8). The Court will grant the motion for the reasons below.

### Background

Plaintiff Darnell Bey filed this pro se action on May 22, 2023. (ECF No. 1). Plaintiff asserts that Defendant "failed to perform [its] duties in a car sale agreement." *Id.* at 5. Plaintiff served Defendant with the summons and complaint on May 23, 2023. (ECF No. 4). Under Rule 12 of the Federal Rules of Civil Procedure, Defendant's answer was due on June 13, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to answer or otherwise respond to Plaintiff's complaint before that time. Plaintiff then moved for entry of default and default judgment on June 20, 2023. (ECF Nos. 5, 6).

### Discussion

Defendant now seeks leave of the Court to file a responsive pleading out of time. (ECF No. 8). Defendant acknowledges that it received service on May 23, 2023, but avers that it mis-calendared the due-date for its responsive pleading. *Id.*

Rule 6 of the Federal Rules of Civil Procedure provides that the Court, on a motion made after time has expired for a party to complete a particular act, may extend the party's time to complete that act if the party failed to do so because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Simply put, the Court has discretion to extend a time period established by the Civil Rules. 1 James Wm. Moore et al., *Moore's Federal Practice*, § 6.06[1][a] (3d ed. 2023).

"Whether a party's neglect of a deadline is excusable 'is at bottom an equitable' inquiry." Spirit Lake Tribe v. Jaeger, 5 F.4th 849, 854 (8th Cir. 2021) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). When deciding whether a party's neglect is excusable, the Court should consider: (1) the danger or prejudice to the opposing party, (2) the length of the delay, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Id.* These factors do not carry equal weight—the reason for the delay is the most important consideration. 1 *Moore's Federal Practice*, § 6.06[3][b].

Permitting Defendant to file its motion to dismiss out of time would not prejudice Plaintiff. This case is only one month old. Further, Defendant missed the deadline to file a responsive pleading by only 11 days. Defendant asserts that its failure was the result of a calendaring mistake. There is nothing in the record to suggest that Defendant acted in bad faith or intentionally delayed this litigation. Defendant discovered its error and promptly took corrective measures. For these reasons, the Court finds that Defendant's failure to respond timely to Plaintiff's complaint is the result of excusable neglect.

**Conclusion**

The Court will grant Defendant's motion for leave to file its motion to dismiss out of time. (ECF No. 8).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Leave to File" is **GRANTED**. (ECF No. 8).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerk's Default (ECF No. 5) and Motion for Default Judgment (ECF No. 6) are **DENIED** as moot.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of June, 2023.