**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DARNELL J. BEY,               )
                                    )
              Plaintiff,         )
                                    )
          v.                       )          No. 4:23-CV-677 RLW
                                    )
ELECTRO SAVINGS CREDIT UNION     )
                                    )
              Defendant.       )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 9). Plaintiff opposes the motion and it is ready for disposition. (ECF No. 16). For the reasons below, the Court will deny the motion and allow Plaintiff to amend his complaint.

**Facts and Background**

This pro se matter arises from a "car sale agreement" whereby Plaintiff Darnell Bey obtained a loan from Defendant Electro Savings Credit Union to purchase a vehicle. (ECF No. 1, p. 5). Plaintiff asserts that he is the "beneficial owner" of the loan account and that Defendant owes him a fiduciary duty. *Id.* Plaintiff asserts that he made his April 2023 payment in accordance with the loan agreement but that Defendant breached the agreement by failing to "transfer the Principal balance to the Principal account for set-off." *Id.* According to Plaintiff, "Defendant's non-performance is a breach of contract for his fiduciary duties and has caused Plaintiff injury causing his car loan account to become delinquent[.]" *Id.*

Plaintiff is a citizen of Missouri. *Id.* at 3. Defendant is incorporated under the laws of Missouri with its principal place of business in Missouri. *Id.* Even so, Plaintiff invokes federal

jurisdiction based on diversity of citizenship. *Id.* Defendant seeks dismissal for lack of subject-matter jurisdiction. (ECF No. 10).

**Legal Standard**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citation omitted). "The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Gist v. Centene Mgmt. Co., LLC*, No. 4:21CV562 RLW, 2021 WL 3487096, at *2 (E.D. Mo. Aug. 9, 2021).

Because Defendant asserts a facial challenge, it is necessary to review the standard for dismissal under Rule 12(b)(6).[1] "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert.*

---

[1] In a facial attack, the Court "restricts itself to the face of the pleadings" and the "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (cleaned up). Here, the parties do not ask the Court to look beyond the pleadings. Thus, the Court will treat Defendant's motion as a facial attack.

*denied*, 140 S. Ct. 607 (2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Rather, legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## Discussion

"Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id.*

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. &*

*Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a), (c).

Here, the complaint alleges that both Plaintiff and Defendant are citizens of Missouri. *Id.* at 3. Because both parties are citizens of the same state, there is not complete diversity of citizenship. *Buckley v. Control Data Corp.*, 923 F.2d at 97, n.6. Plaintiff acknowledges as much in his response to Defendant's motion. (ECF No. 16). Plaintiff also states in his response that the Court has federal-question jurisdiction because Plaintiff intended to bring his claim under the Federal Reserve Act. *Id.* But the Complaint does not reflect that intention and clearly contemplates diversity jurisdiction. (ECF No. 1). Nevertheless, the Court recognizes that Rule 15 of the Federal Rules of Procedure directs the Court to freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). For that reason, the Court will deny Defendant's Motion to Dismiss (ECF No. 9) and grant Plaintiff thirty (30) days to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. (ECF No. 9).

**IT IS FURTHER ORDERED** that no later than **November 30, 2023**, Plaintiff shall file an amended complaint that alleges facts establishing the Court's subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED** as moot. (ECF No. 17).

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject-matter jurisdiction.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of October, 2023.

5